JENNETT v. LOUISVILLE & N. R. CO.

(Circuit Court, N. D. Florida.   June 30, 1908.)

1. MASTER AND SERVANT—INJURY TO RAILROAD TRAIN EMPLOYÉ—DEFECTIVE TRACK.

Where a railroad track becomes defective by reason of excessive rains or other unusual cause, the railroad company is not liable for the death of an employé caused by such defective track, unless the defect had existed long enough to enable it in the exercise of reasonable diligence to discover and repair the defect or to warn the employé, and it failed to do so; but unusual weather conditions may impose on the company the duty to exercise an extraordinary degree of care in that respect.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 253.]

2. SAME—ENGINEER OF RAILROAD TRAIN—ASSUMPTION OF RISK FROM DEFECTIVE TRACK.

An engineer of a railroad train has a right to assume that the roadway is in safe condition, in the absence of notice to the contrary, and a mere general warning to proceed carefully because of heavy rains. with no notice of a particular defect, does not cause him to assume the risk from such defect of which he has no knowledge.

[Ed. Note.— For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 574–600.]

3. SAME—CONTRIBUTORY NEGLIGENCE.

An engineer of a railroad train which was wrecked by running into a culvert that had been washed out or rendered unsafe by floods, resulting in his death, was charged with the duty of exercising care and caution in the running of the train, in view of the conditions which were apparent, or could have been known to him by the use of reasonable care and observation, and, if in view of such conditions he should have known that the culvert was unsafe, or was running the train at an excessive speed, he was guilty of contributory negligence, which precludes a recovery from the railroad company for his death.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 681, 751–756.]

4. SAME—PRESUMPTION OF NEGLIGENCE.

The presumption of negligence created by the Statute of Florida in relation to the liability of railroad companies does not outweigh evidence. The statute merely casts upon the company the necessity of showing affirmatively that its agents exercised reasonable care and diligence under all the circumstances, and here the presumption ceases.

Geo. T. Morgan and Maxwell & Reeves, for plaintiff.
Blount, Blount & Carter, for defendant.

SHEPPARD, District Judge (charging jury).   The case you are considering is one sounding in damages, which the plaintiff, as administratrix of the estate of Jennett, is seeking to recover of the defendant company, for the alleged wrongful death of the plaintiff's decedent, by the alleged negligence of the railroad company.   The

basis of the plaintiff's claim for recovery is the negligence of the defendant. Negligence is defined by the authorities as a failure or the neglect by one to exercise that same care and caution that a reasonably prudent person would exercise at the same place and under the same circumstances.

The contention here is the negligence of the railroad company in failing to provide suitable and adequate appliances, to wit, roadbed and culvert, at the place in question, and in failing to keep it in a safe condition, and in negligently ordering and requiring the said deceased engineer to run his engine over the alleged defective culvert, and further negligence in failing to ascertain the condition of the culvert in view of the weather conditions prevailing on the day of the accident. To these several causes of action the defendant has interposed the general issue, a plea of not guilty, which denies its negligence as the cause of the accident, and consequent death of the plaintiff's intestate. In addition to this general issue, the defendant interposes several pleas, stating the negligence of the plaintiff's deceased, and tending to charge the deceased with contributory negligence, which implies that the wreck and consequent death of the plaintiff's decedent was due to his own negligence in failing to take the necessary precaution which a reasonably prudent man would have exercised, in view of the weather conditions and apparent danger from sudden and excessive rainfall. The defendant railroad company must use reasonable care, consistent with the nature and extent of its business, in keeping its roadbed and track in safe condition, and is responsible to its employés for injuries resulting from carelessness in improperly and defectively constructing its culverts, and to keep them in a proper safe condition; and if, by care and prudence, the company may know of the defects in its ways and works, track, and culvert, it is its duty to keep advised of their condition and not needlessly expose its employés to peril and danger; and if the company could, by reasonable care and prudence, have ascertained the washout before the approaching of the train, and thereby have avoided the accident, and it did not do so, it is responsible to the decedent's administratrix for the injuries resulting from said accident.

But by employing the deceased as engineer the company did not become an insurer of his life or safety. Engineers take the ordinary risk of their employment, and the defendant could not be held liable for accidents which it could not by reasonable diligence have foreseen, or, by the exercise of reasonable care and prudence, have prevented. The engineer, Jennett, by his employment by the company, did not assume the risk of defective track conditions. He had the right to assume that the track was safe, and it was the duty of the company to keep this track in proper condition. The plaintiff's intestate could not be charged with knowledge of the defect in the culvert, but, on the contrary, he had a right to assume, without investigation, that the track was in a safe condition, and the defendant company could not relieve itself of responsibility for the defective condition of the culvert by a general notification in the office at Selma that there had been heavy rains, and that the engineer should not try to make schedule time, but to run cautiously.

Mere information in advance that conditions might be bad, without stating or pointing out where the defect was or might be expected, would not be sufficient notice to relieve the company of its lack of reasonable care and diligence in failing to ascertain and inform the engineer of the location of the particular danger apprehended; and, if the conditions along the track near the wreck were such as to inform the decedent that an unusual quantity of rain had suddenly fallen, and that flood conditions were apparent, and by the exercise of reasonable care and caution he could have ascertained the washouts, or from present conditions he might have apprehended the danger of running his train over the culvert, through which was flowing an unusual volume of water, which he could have seen by looking out, and negligently failed to see same, then he failed to exercise that care and prudence which an ordinarily prudent man would have exercised under like conditions, and contributed to his own injury and death, and the plaintiff would not be entitled to recover.

But it must appear that the deceased knew, or by the exercise of reasonable care and caution could have seen, the conditions existing at the time that made it dangerous to run his engine and train over the culvert, or that he was properly warned of danger, or that the danger was patent and open to him. Before the defendant would be relieved from its failure to exercise reasonable care and caution to ascertain the condition of the culvert, and to warn the engineer of the condition of the place, it must appear that the engineer knew that the culvert had been washed out, or that dangerous conditions existed from the stoppage of the water, or that he could have seen the danger by the exercise of due care. If the plaintiff's decedent could have seen the danger, or if it was open to ordinary observation, and by the exercise of due care he could have avoided the accident, then the defendant company would not be liable in this action for the death of the plaintiff's decedent.

That Jennett, the engineer, was killed by the train being derailed in the washout by reason of a defect in the track, it could not be inferred that he had knowledge of such defect from the fact that the engineer had been in the custom of running over said track. If you believe from the evidence that the plaintiff's intestate's death was due to the negligence of the defendant company in not keeping the culvert in repair and safe condition, and that the defendant did not exercise ordinary care and diligence in ascertaining the condition of the culvert, and was negligent in making no inspection, or insufficient inspection, then you will find for the plaintiff. If you should find for the plaintiff, you should find such damages as the plaintiff has shown she might reasonably expect to be contributed out of his earnings for his life expectancy, and such other contributions for others of the family, who might be dependent upon him for support for such time as their dependency might last. This, however, is no hard and fast rule for ascertaining damages, but merely a standard by which you might be guided. Of course, in estimating what the deceased might earn, you should take into consideration his increased incapacity with increasing age, and the chances of impaired health. If you believe from the evidence that the deceased was negligent in running his train

at the rate of speed testified to at the time and place of the wreck, and under the circumstances, or that he failed to exercise reasonable care in looking ahead, and by operating the train at a moderate rate of speed and looking out he could have discovered and avoided the danger, and did not do so, and that such negligence, if it was negligence contributed to the wreck, then the plaintiff could not recover.

The master is not to be held liable as an insurer of the safety of his employés, nor as a warrantor of the instrumentalities and places furnished by him to enable his servants to accomplish his work. The law merely imposes upon him an obligation to exercise such ordinary and reasonable care and prudence as the exigencies of the situation require in providing the servant with a safe place, safe machinery, and suitable instrumentalities for his work, and, if this obligation is performed, the law absolves the master from all liability for defects therein, or the injuries happening from such defects. In an action for damages for injuries received by a servant in the employment of the master, occasioned by defects in the places of work, or instrumentalities furnished by the master, in order to authorize a finding that the master was negligent, it must be proven that the alleged defect was known to the master prior to the accident, or that in the exercise of ordinary and reasonable care, he ought to have known it; and that he either knew, or ought to have known, of the alleged defect in time to have remedied it, in the exercise of ordinary and reasonable care, or in time to have warned the servant of the defect, in the exercise of such care, before the injury. That the servant owes a duty to his master to exercise ordinary care for his own safety, and while he has a right to presume that his master has performed his duty, and is not, therefore, ordinarily bound to discover latent defects in the instrumentalities furnished by the master, yet he must notice all those patent and obvious defects which the exercise of ordinary care would enable him to discover; otherwise, his own negligence will contribute to his injury and prevent his recovery. Neither individuals nor corporations are bound as employers to insure the absolute safety of machinery, mechanical appliances, or places of work which they provide for the use of the employés; nor are they bound to furnish the best or safest or newest of those appliances for the purpose of insuring the safety of those who are thus employed. They are, however, bound to use all reasonable care and prudence for the safety of those in their service by providing them with machinery and places of work reasonably safe and suitable for the use of the latter. It is only where the employer fails in his duty of precaution and care that he is responsible for an injury which may happen through a defect which was, or ought to have been, known to him, and which was unknown to the employé or servant.

In order to find a verdict for the plaintiff, the jury must be able to find from the evidence that the injury to the deceased was caused by the negligence of the defendant, or of some of its agents or servants while acting in the line of their duties to the defendant under their employment, and the negligence so found must be in some one or more of the acts alleged in the declaration to have been negligently committed, or negligently omitted. No act of negligence not alleged

in the declaration will justify a verdict for the plaintiff, even though proven by the evidence.

If the jury should not find from the evidence that the railroad track and embankment, at the place of the alleged injury, was negligently constructed, and maintained in a weak and defective manner and condition, inadequate to bear the strain from the waters and drainage across the line of road at said point reasonably to be anticipated, and should find from the evidence that a washout occurred at said point in consequence of a heavy rainfall theretofore unprecedented, and that the defendant took reasonable and prompt precautions to ascertain the condition of said railroad track at said point by sending employés to inspect said roadbed at said point, and other points along the line of road, that said employés gave such reasonable inspection as the circumstances required, and such as a reasonably prudent person would have given under the circumstances, and that said inspection was made as often as reasonable prudence required, and disclosed no weakness or reason to apprehend weakness in said roadbed or track at said point—then the defendant will not be liable in this action, even though the rush of waters against the roadbed, caused from excessive, unprecedented and unanticipated rainfall (if such was the case), caused said roadbed to give way, and thereby cause the death of plaintiff's intestate, and you should find for the defendant. Where a railroad track becomes defective by reason of excessive rains or other unusual cause, the railroad company is not liable to the administrator of an employé for the death of the employé caused by an injury suffered by reason of the defective track, unless the defect had existed long enough to enable the company in the exercise of reasonable diligence to have discovered the defect, and repaired it, or to have warned the deceased of the defect in the exercise of such diligence, and thereby have prevented the injury. In considering the place where it is alleged that the track was defective, you should consider in connection with the testimony the weather conditions that forenoon and the excessive precipitation of rainfall, and whether such an extraordinary precipitation required the defendant to exercise extra care and caution or diligence to ascertain the condition of the track at the place of the wreck and whether such inspection as has been shown by the testimony, or the exercise of reasonable care and caution in the defendant at the place and under the circumstances. If the jury should find from the evidence that the deceased at the time of receiving the alleged injury was careless and negligent in failing to maintain a lookout, or in running his engine at an excessive rate of speed, and that such carelessness produced or contributed directly, even though slightly, to his injury, they should find for the defendant.

The damages which can be recovered in this case, if you should find for the plaintiff, are limited to the pecuniary interest of the distributees in the life of the deceased. Punitive or exemplary damages cannot be allowed; nor can physical or mental pain and suffering of the deceased, grief of his family or surviving relatives, nor loss of the society of the deceased, be considered. The elements of damage must be confined to the amount of earnings of the deceased contributed to

the support of his dependent distributees, and the savings from his net earnings. Profits from investments cannot be considered, and the damages must be based solely upon the earning capacity of the deceased, and upon his annual contributions from his net earnings to the dependent persons who would be distributees of his estate. The presumption of negligence created by the statute of Florida in relation to the liability of railroad companies does not outweigh proof. The statute merely casts upon the company the duty of showing affirmatively that its agents exercised all ordinary and reasonable care and diligence, and here the presumption ceases. If such proof is made, the presumption does not apply in weighing the evidence and reaching a conclusion.

An engineer not charged with the duty of maintaining the track or roadway of a railroad has a right to assume that the roadway is safe, in the absence of notice to the contrary. Mere general warning to proceed carefully because of heavy rains, with no notice of the particular defect, does not cause the engineer to assume the risk of a particular defect of which he has no knowledge. If the defendant and its officers and agents charged with the duty of maintaining its roadway had knowledge of weather conditions that made it probable that the safety or sufficiency of the roadway was impaired, it was their duty to make such examination and inspection as was reasonably necessary to ascertain whether it was in fact safe before sending trains over it, and Jennett, in the absence of notice to the contrary, had a right to assume that this was done.